## VADNER v. ROZZELLE.

No. 5518.   Decided February 17, 1936.   (54 P. [2d] 1214.)

*E. A. Walton* and *Parley P. Jenson,* both of Salt Lake City, for appellants.

*Clarence M. Beck* and *Homer Holmgren,* both of Salt Lake City, and *Howard D. Hanson,* of Los Angeles, Cal., for respondent.

PER CURIAM.

Appellants have filed a petition for a rehearing and briefs in support thereof, and respondent has filed a brief in opposition thereto.   After further consideration of the matter, the court is of the opinion that the decision as written, *Vadner* v. *Rozzelle,* 88 U. 162, 45 P. (2d) 561, 564, should stand as the decision of the court, with the exception of the following paragraphs, which, while a correct statement of law, are not appropriate to the facts of this case.   The matter expunged is the following:

"Within the apparent scope of his authority an adjuster may bind the principal where the third party knows of no limitation of such authority. *Western Loggers' Machinery Co.* v. *National Union Fire Ins. Co.,* 136 Or. 549, 299 P. 311.

" 'If a person acts openly and notoriously in exercising the duties of a particular agency, and under such circumstances as imply knowledge of the company, the presumption attaches that he has the authority he thus claims to possess, for it is immaterial, so far as an agent's dealings with third persons are concerned, whether he acts by the direction and request of the principal, or by his permission merely, as

he is equally an agent in both cases.' 2 Couch, Cyc. of Insur. Law, 1477."

The petition for a rehearing is denied.

WOLFE, J., being disqualified, did not participate herein. HARRIS, District Judge, sat in his stead.